IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BYRON JEFFERSON PICKETT, III,

      Plaintiff,

v.                                      No. 1:17-cv-01097-JDB-cgc

MIKE MCCAGE, TENNESSEE DEPARTMENT
OF CORRECTION, and RN SHANE,

      Defendants.

---

ORDER DENYING APPOINTMENT OF COUNSEL, DENYING REQUEST FOR HEARING,
PARTIALLY DISMISSING COMPLAINT, DENYING MOTION TO ASCERTAIN STATUS
OF CASE, AND DIRECTING CLERK TO ISSUE PROCESS FOR DEFENDANT MCCAGE
AND DELIVER TO THE U.S. MARSHAL FOR SERVICE

---

On May 19, 2017, Plaintiff, Byron Jefferson Pickett, III, an inmate then incarcerated at

the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a *pro se*

complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (Docket

Entry ("D.E.") 2; D.E. 1.) The Court granted Pickett leave to proceed *in forma pauperis* and

assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C.

§ 1915(a)-(b). (D.E. 4.) On July 3, 2017, Plaintiff notified the Court that he had been transferred

from NWCX to the Morgan County Correctional Complex in Wartburg, Tennessee. (D.E. 5.)

Pickett filed a "Supplemental [sic] to Complaint and Motion to Issue Service of Summons" on

April 16, 2018.[1] (D.E. 9; *see also* D.E. 7.) Because the allegations in the Amended Complaint

---

[1]"Although an amended complaint normally supplants the original complaint, the Sixth
Circuit 'liberally construe[s] *pro se* complaints and hold[s] such complaints to a less stringent
standard than pleadings prepared by attorneys.'" *Brent v. Hyundai Capital America*, No. 14-
2600-STA-dkv, 2014 WL 7335415, at *1 n.1 (W.D. Tenn. Dec. 19, 2014) (alteration in original)
(quoting *Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012)) (construing the

occurred in Tiptonville, Tennessee, while the inmate was housed at NWCX, venue is proper in this Court.  (*See* D.E. 1.)

## BACKGROUND

In his Amended Complaint, Pickett alleges that he was subjected to excessive force and medical indifference in violation of his constitutional rights.  (D.E. 1 at PageID 2-4; *see also* D.E. 1-1 at PageID 5-6.)

The inmate contends that on February 28, 2017, while he was behind a locked door that was also padlocked, he complained to Corporal ("Cpl.") Robert Stephenson, who is not a party to this action, that another "inmate in [his] pod had not received toilet paper in 10 days."  (D.E. 1 at PageID 2-3.)  To stop Cpl. Stephenson from walking away, Plaintiff alleges that he put his "arm in the way of preventing the pie-flap from being closed."  (*Id.* at PageID 2.)  He claims that Captain ("Cpt.") Mike McCage "was then called" and "[w]ithout any warning . . . drew his taser and shot [Plaintiff] with it," (*id.*), "through the pie flap of his cell door" while the inmate "was sitting on a stack of books, inside his cell, with his arm resting on the pie flap," (D.E. 9 at PageID 29).  One taser prong struck Pickett's arm and the other "hit [him] in [his] right eye."  (D.E. 1 at PageID 2.)  The inmate asserts that he presented no immediate threat to Cpt. McCage

---

plaintiff's "amended complaint as a supplement to the original complaint, as [the plaintiff]'s original complaint contains more factual details underlying his claims").  Because Pickett, proceeding *pro se*, appears to intend for this filing to add additional facts to his original complaint rather than replace it, the Court finds that Plaintiff "sufficiently incorporated by reference the allegations of" his original complaint.  *Rajapakse v. Memphis Light, Gas, and Water Div.*, No. 12-2807-JDT-dkv, 2013 WL 3803979, at *7 (W.D. Tenn. Jul. 19, 2013) (citing *Privett v. Pellegrin*, 798 F.2d 470, at *1 n.1 (6th Cir. 1986) (unpublished table decision)) (finding that the plaintiff "intended the allegations" in his second amended complaint "to supplement, rather than supplant" his first amended complaint); (D.E. 9 at PageID 29; D.E. 1).  Therefore, the Court construes the new facts alleged by Plaintiff in his "Supplemental [sic] to Complaint" along with his original complaint as an amended complaint ("Amended Complaint").  (D.E. 9 at PageID 29; D.E. 1); *see also Tippins v. Caruso*, No. 2:14-cv-10956, 2015 WL 11256570, at *1 (E.D. Mich. Sept. 1, 2015) (after screening, granting the plaintiff's motion to amend "with respect to the additional facts").

and that the taser prong that hit his eye "caused severe damage," including bleeding for the remainder of the night.  (*Id.* at PageID 3.)

Next, Pickett maintains that "RN Shane washed [Plaintiff's] eye out and sent [him] back to the pod, still bleeding[,] and did not contact the doctor or hospital to get [him] the help [he] neede[d]."  (*Id.*)  Plaintiff contends that he "wasn't seen until the next day when the doctor immediately ordered [him] to go to the hospital," where he stayed for two days.  (*Id.*)  When he returned to NCWX, the inmate "couldn't see clearly enough to file a grievance[,] which is why [his] grievance was late."  (*Id.*)  Pickett claims that he sustained "permanent damage to his eye and went through two surgeries."  (D.E. 9 at PageID 29.)

The inmate seeks to have Cpt. McCage and RN Shane fired, $2 million in compensation, the appointment of counsel, and a hearing regarding his alleged deprivation of rights.  (D.E. 9 at PageID 29; D.E. 1 at PageID 4.)

## SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "(2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).  To assess whether the complaint states a claim on which relief may be granted, the Court applies the pleadings standard under Federal Rule of Civil Procedure 12(b)(6), announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)

(alteration in original) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." (citing another source)).

Despite being "held 'to less stringent standards,'" *pro se* parties, including those that are incarcerated, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)); *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("declin[ing] to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants").

## I. Section 1983

42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of a right "secured by the 'Constitution and laws' of the United States" (2) committed by a defendant acting "under color of state law." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### A. Claims Against Defendant Tennessee Department of Correction

The Court construes a claim against the Tennessee Department of Correction ("TDOC")

as a claim against the State of Tennessee. It is well-settled that Plaintiff cannot sue the State of Tennessee under 42 U.S.C. § 1983. The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This amendment has been interpreted to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987) (collecting cases); *see also Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may waive its sovereign immunity at its pleasure . . . and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (footnote omitted) (citation omitted)). By its terms, the Eleventh Amendment bars all suits against states, regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). Tennessee has not waived its sovereign immunity. Tenn. Code Ann. § 20-13-102(a). Moreover, "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). For these reasons, Plaintiff's claims against the State of Tennessee are dismissed.

### B. Claim Against Defendant McCage

Regarding Pickett's claim against Cpt. McCage for the use of excessive force, the United States Supreme Court has held that "the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quoting *Ingraham v. Wright*, 430 U.S. 651, 670 (1977)). The

key inquiry under the Eighth Amendment is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley*, 475 U.S. at 320-21). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (citing *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)) ("Prison officials nonetheless violate the Eighth Amendment when their 'offending conduct reflects an unnecessary and wanton infliction of pain.'" (quoting *Williams*, 631 F.3d at 383)).

The Court holds that Plaintiff's Amended Complaint states a plausible claim against Cpt. McCage for the use of excessive force in violation of Pickett's constitutional rights. The inmate alleges that Cpt. McCage tasered Plaintiff without warning or threat, causing damage to his right eye. For the purposes of screening, Pickett has presented sufficient facts to state an Eighth Amendment claim under § 1983.

### C. Claim Against Defendant RN Shane

Plaintiff's allegations against RN Shane for failure to provide appropriate medical treatment also arise under the Eighth Amendment. An Eighth Amendment claim consists of both objective and subjective components. *Williams*, 631 F.3d at 383.

The objective component of an Eighth Amendment claim requires the prisoner to have "a 'sufficiently serious' medical need." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). A medical need is objectively serious if it "is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Santiago v. Ringle*, 734 F.3d 585,

590 (6th Cir. 2013) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). Alternatively, "if a medical need is less obvious, its seriousness is evaluated under a different standard: the effect of delay in treatment." *Anthony v. Swanson*, 701 F. App'x 460, 463 (6th Cir. 2017) (citing *Blosser v. Gilbert*, 422 F. App'x 453, 460 (6th Cir. 2011)). The Court will assume, for the purposes of this order, that Plaintiff's eye injury constituted a sufficiently serious medical need.

To establish the subjective component of an Eighth Amendment violation, the prisoner must demonstrate that the defendant acted with the requisite intent—that is, that he or she had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The plaintiff is required to show that the prison official acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 302-03); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835 (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Thus,

> *a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.* This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Id.* at 837-38 (emphasis added) (citations omitted); *see also Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005) ("If the officers failed to act in the face of an obvious risk of which they should have known but did not, then they did not violate the Fourteenth Amendment." (citation omitted)). Accordingly, each defendant's subjective knowledge must be assessed separately, *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 447 (6th Cir. 2014), and information available to one defendant may not automatically be imputed to other defendants, *Gray v. City of Detroit,* 399 F.3d 612, 616 (6th Cir. 2005) ("[T]he test for deliberate indifference is a subjective test . . . not an objective test or *collective* knowledge." (emphasis added)).

"[T]hat a [medical professional] has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (alteration in original) (quoting *Estelle*, 429 U.S. at 106). "The requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Estelle*, 429 U.S. at 106). "[W]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005) (quoting *Comstock*, 273 F.3d at 703). "[D]eliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Comstock*, 273 F.3d at 703 (quoting *Farmer*, 511 U.S. at 836). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual

punishment. At most it is medical malpractice, and as such the proper forum is the state court . . . ." *Estelle*, 429 U.S. at 107 (footnote omitted).

The allegations in Pickett's complaint fail to show that RN Shane was deliberately indifferent to Plaintiff's medical needs. The inmate alleges that RN Shane washed out Pickett's eye, and the next day he was treated by a doctor and taken to a hospital. There are no contentions that the nurse was aware of different practices for treating such an eye injury or was qualified to provide more care. *See Rouster*, 749 F.3d at 449-51 (stating that "failure to follow best medical practices [was] not necessarily evidence of deliberate indifference if [the defendant] did not *know*" the injury "was caused by a serious ailment" or was not trained "to understand the significance of the symptoms" (emphasis in original)). Furthermore, Pickett does not state whether RN Shane subjectively perceived any risk of harm to the inmate and then ignored it. *See Comstock*, 273 F.3d at 703. Plaintiff's assertions sound in negligence or medical malpractice, neither of which suffices to make out a § 1983 claim. The inmate has failed to establish the subjective component of a claim for denial of medical care. Therefore, Pickett's claim for medical indifference under the Eighth Amendment is dismissed.

## II. Request for Relief

In his "Supplemental [sic] to Complaint," the inmate seeks "appointment of counsel to help with discovery and a hearing concerning this deprivation of rights under color of state law." (D.E. 9 at PageID 29.) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (citation omitted); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002)

("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit." (citation omitted)).

> "Appointment of counsel in a civil case . . . . is a privilege that is justified only by exceptional circumstances. . . ." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987) . . . . This generally involves a determination of the "complexity of the factual and legal issues involved." *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986).

> Appointment of counsel . . . is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. . . .

*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (citations omitted) (quoting *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)).

At this stage of the proceedings, Plaintiff has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel. Nothing in his filing serves to distinguish this case from the many other cases filed by *pro se* litigants who are not trained attorneys and who may have limited access to legal materials. Therefore, Pickett's request for the appointment of counsel is DENIED. (D.E. 9 at PageID 29.) Furthermore, the inmate's request for a hearing at this juncture is DENIED because this case will proceed in accordance with the Federal Rules of Civil Procedure. (*Id.*)

## CONCLUSION

Accordingly, Pickett's complaint against TDOC and RN Shane are DISMISSED for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff has alleged a plausible Eighth Amendment excessive force claim against Defendant McCage.[2]

---

[2]On September 27, 2017, Plaintiff submitted a "Formal Motion to Ascertain Status of

The Clerk is ORDERED to issue process for Defendant McCage and deliver that process to the U.S. Marshal for service.[3] Service shall be made on Defendant McCage pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally, if mail service is not effective. All costs of service shall be advanced by the United States.

Plaintiff must serve a copy of every subsequent document he files in this case on counsel for McCage or on any Defendant who is not represented by counsel. Pickett shall include a certificate of service on every document filed and must also familiarize himself with the Federal Rules of Civil Procedure and the Local Rules of Court.[4] Plaintiff should promptly notify the Clerk, in writing, of any change of address, transfer to another facility, release from custody, or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of the case without further notice. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED this 11th day of May 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

Case." (D.E. 6.) Because this screening order provides the relief sought in his filing, the motion is DENIED as moot.

[3]This screening order addresses the service of process requested by Pickett in his "Supplemental [sic] to Complaint and Motion to Issue Service of Summons." (D.E. 7.)

[4]A copy of the Local Rules may be obtained from the Clerk of Court. The Local Rules are also available on the Court's website at www.tnwd.courts.gov/pdf/content/LocalRules.pdf.